# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANA ANDREW, et al., | |
| Plaintiffs, | Case No. 2:12-cv-00978-GMN-PAL |
| vs. | **ORDER** |
| CENTURY SURETY COMPANY, | (Mot Mod Sched Ord - Dkt. #28) |
| Defendant. | |

The court held a hearing on Plaintiffs' Motion to Modify Scheduling Order to Extend Time to Amend Pleadings and Add Parties (Dkt. #28) on December 20, 2012. Dennis Prince and Eric Tran appeared on behalf of the Plaintiffs. Maria Cousineau appeared on behalf of the Defendant. The court has considered the motion, Century's Opposition (Dkt. #37), Declaration of Joshua Davis in Support of Century's Opposition (Dkt. #38), Declaration of Michael Vasquez in support of Century's Opposition (Dkt. #39), Declaration of Daniel Mayer in Support of Century's Opposition (Dkt. #40), Plaintiff's Reply (Dkt. #42), and the arguments of counsel at the hearing.

The complaint in this case was filed in state court and removed (Dkt. #1) June 8, 2012. Plaintiffs seek damages for breach of contract, bad faith in violation of Nevada Unfair Claims Practices Act, and seek to enforce an $18,050,185.45 default judgment entered against Blue Streak Auto Detailing, LLC in favor of Ryan Pretner in an underlying state court action. The underlying action involves a January 12, 2009, accident. Pretner was riding a bicycle when he was struck by Michael Vasquez the owner and operator of Blue Streak. Plaintiffs allege that Blue Streak was insured by Century at the time of the accident, and that Century wrongfully denied the Pretner claim on or about June 5, 2009. On June 7, 2011, a complaint was filed against Vasquez and Blue Streak in state court. Counsel for Plaintiffs sent Century a letter of representation advising Century of their belief there was coverage under Blue Streak's policy. Century was also informed that Pretner had incurred in excess of

$2,600,000 in medical expenses. Century took no steps to hire counsel or provide a defense to Blue Streak, and declined efforts to settle the Pretner claim. Vasquez and Blue Streak entered into a settlement agreement and covenant not to execute with the Plaintiffs October 20, 2011. In exchange for a covenant not to execute against their assets, Vasquez and Blue Streak assigned all of their rights, interests and claims against Century or any other applicable insurer to the Plaintiffs.

The parties conducted a Rule 26(f) conference July 17, 2012, and submitted a Proposed Discovery Plan and Scheduling Order requesting special scheduling review on August 1, 2012 (Dkt. #12). On October 15, 2012, the court approved the parties' stipulation extending the discovery plan and scheduling order deadlines. The discovery cutoff was extended until February 11, 2013, and the last day to amend pleadings and add parties was extended until November 13, 2012.

The current motion requests an extension to file a motion to amend the pleadings or add parties. It was filed the day after Plaintiffs filed a Motion to Amend and Correct Complaint (Dkt. #27) which is under submission to the district judge. The motion to amend was filed shortly after counsel for Plaintiff received the transcripts of three depositions taken on November 8, and November 13, 2012, of Lisa Henderson, James Karp, and Daniel Mayer. Each of these individuals was identified in Century's Rule 26(a)(1) disclosures. The amended complaint seeks to add Meadowbrook Insurance Group and/or Meadowbrook Claims Services as Defendants. Ms. Henderson is Century's in-house counsel, and Mr. Mayer is Century's litigation manager. Both testified at their deposition that they are employed by Meadowbrook Insurance Group and/or Meadowbrook Claims Services.

During oral argument, counsel for Plaintiffs argued that he had been diligent in pursuing discovery in this case, and had requested dates for these depositions in early September, requesting dates in October. However, counsel for Defendants was unable to provide dates until early November. Had the depositions been scheduled earlier as counsel for Plaintiffs requested, the motion to amend would have been filed within the time allowed by the court's discovery plan and scheduling order.

Century opposes the motion arguing Plaintiffs cannot meet their burden of showing good cause and diligence to amend the court's discovery plan and scheduling order. Century claims that Plaintiffs have known about Century's parent corporation, Meadowbrook Insurance Company, since 2009, but waited until after the deadline for adding new parties before seeking to amend their complaint. In

addition, Century argues that an amendment adding Meadowbrook would be futile because Plaintiffs cannot state a valid claim for breach of contract, bad faith, or violations of Nevada's Unfair Claims Practices Act because Meadowbrook is not a party to the insurance contract involved in this case.

In June 15, 2009, Century sent counsel for Blue Streak a letter acknowledging receipt of the Pretner claim and enclosing a disclaimer letter.  The letter was written on the letterhead of Century Insurance and clearly identified Century as a subsidiary of Meadowbrook Insurance Group.  On March 31, 2011, Century sent a second letter to Michael Vasquez of Blue Streak disclaiming coverage.  The letter was written on the letterhead of Century Insurance and again identified it as a subsidiary of Meadowbrook Insurance Group.  Additionally, between March 2011, and June 2011, Lisa Henderson communicated with Plaintiffs' counsel on several occasions via email which identified Century as a subsidiary of Meadowbrook.  After Plaintiffs filed the lawsuit, Century provided Plaintiffs with a copy of its claim file which included the March 31, 2011, disclaimer letter and stated that Lisa Henderson, the claim professional who handled the Blue Streak claim for Century, was an employee of Meadowbrook.  Finally, Defendant argues that Plaintiffs' counsel was fully aware of Ms. Henderson's employment by Meadowbrook at the very latest by September 25, 2012, the date Plaintiffs attached a copy of the March 31, 2011, disclaimer letter to their own motion for summary judgment.  Under these circumstances, Century argues, Plaintiffs cannot show good cause to modify the scheduling order to extend the deadline for filing a motion to amend because Plaintiffs have not acted diligently.

Century stresses that it has not disclaimed liability for the actions of the claims professionals who were admittedly working on its behalf.  Counsel for Century offered to stipulate that Century Surety would acknowledge that at all times relevant to this case, the claims professionals, although employed by Meadowbrook, were working on Century's behalf in handling the Blue Streak claim.  However, counsel for Plaintiff refused to accept the stipulation which suggests to counsel for Century that Plaintiff may have some ulterior motives for the amendment.

If the court grants Plaintiffs' motion to modify the scheduling order, Defendant requests that the other deadlines be amended because the amendment will likely result in the need for additional depositions and new written discovery that cannot reasonably be accomplished within the existing deadlines.

Plaintiffs' reply outlines the chronology of his efforts beginning September 5, 2012, to schedule the deposition of Henderson and Mayer. After considerable back and forth, the depositions were finally scheduled for November 8, and 13, 2012. Counsel for Plaintiffs represents that he was unaware of the relationship between Century and Meadowbrook until he took the depositions of Ms. Henderson and Mr. Mayer. He acknowledges that the March 31, 2011, correspondence from Ms. Henderson states that she was in-house claims attorney for Meadowbrook Claims Services assigned to oversee the Century Surety Company claim. He also acknowledges that correspondence from Century employees on Century's letterhead identifies it as a subsidiary of Meadowbrook Insurance Group. However, it was not until Plaintiffs took these two depositions that counsel was able to ask detailed questions regarding the relationship between Meadowbrook Insurance Group, Meadowbrook Claims Services, and Century. During her deposition, Ms. Henderson did not know what the difference between Meadowbrook and Century was–only that Century was a subsidiary of Meadowbrook. She was not familiar with the corporate structure of Meadowbrook, or whether there was a contract between Century and Meadowbrook Claims Services for adjusting services. During Mr. Mayer's deposition, Plaintiffs discovered that Meadowbrook Insurance Company is a holding company for Century and that Century is an underwriting entity. Thus, contrary to Century's arguments, Plaintiffs did not know of Meadowbrook's relationship with Century based on letters and correspondence produced in discovery.

Both sides also address the merits of the motion to amend to add Meadowbrook as a party. Defendant claims the amendment would be futile because Meadowbrook was not a party to the insurance contract at issue and on various other grounds. Plaintiffs acknowledge that as a general rule, only parties to a contract are liable for breach of that contract. However, Plaintiffs rely on an exception to this general rule that where a claims administrator is engaged in a joint venture with an insurer, the administrator may be liable for its bad-faith handling of an insurance claim, even if the administrator is not technically a party to the insurance policy. As the court advised counsel during the hearing, the merits of the motion to amend will be decided by the district judge and not addressed in this order.

Having reviewed and considered the matter, the court finds that Plaintiffs have met their burden of establishing good cause for a very modest extension of the deadline for filing the motion to amend. The court has carefully reviewed the moving and responsive papers, supporting declarations and

supporting exhibits, and finds that while Plaintiffs had some information concerning the involvement of Meadowbrook in adjusting this claim, it was not until the two depositions were taken that the relationship between Century and Meadowbrook was clarified. The depositions were taken on November 8, and November 12, 2012. Counsel for Plaintiff did not receive the transcript until November 19, and November 21, 2012, and filed the motion for leave to amend November 22, 2012. In granting the request to extend the deadline the court makes no findings regarding the merits of the motion to amend.

During oral argument at the hearing, counsel for Plaintiffs did not oppose Defendant's request to extend the remaining deadlines if the court grants the motion to extend the time to file a motion for leave to amend the complaint. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Modify Scheduling Order to Extend Time to Amend Pleadings and Add Parties (Dkt. #28) is **GRANTED**.
2. At Defendant's request, the discovery plan and scheduling order deadlines are extended as follows:
   a. Last date to complete discovery: **April 11, 2013.**
   b. Last date to amend pleadings and add parties: **December 17, 2012.**
   c. Last date to designate experts: **February 11, 2013.**
   d. Last date to disclose rebuttal experts: **March 12, 2013**.
   e. Last date to file dispositive motions: **May 13, 2013.**
   f. Last date to file the Joint Pretrial Order: **June 12, 2013.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.
3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.
4. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be

1 | received no later than **4:00 p.m., March 21, 2013,** and shall fully comply with the
2 | requirements of LR 26-4.
3 | Dated this 21st day of December, 2012.

                                                                               _____
Peggy A. Leen
United States Magistrate Judge