**SEDGWICK LLP**
Maria Louise Cousineau
(Nevada Bar No. 002876)
*maria.cousineau@sedgwicklaw.com*
Joshua S. Davis
*joshua.davis@sedgwicklaw.com*
(*Pro Hac Vice*)
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:     213.426.6900
Facsimile:      213.426.6921

**KOLESAR & LEATHAM**
Alan J. Lefebvre
(Nevada Bar No. 000848)
*alefebvre@klnevada.com*
William D. Schuller
(Nevada Bar No. 011271)
*wschuller@klnevada.com*
400 South Rampart Boulevard, Suite 400
Las Vegas, NV  89145
Telephone:     (702) 362-7800
Facsimile:      (702) 362-9472

Attorneys for Defendant CENTURY SURETY COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANA ANDREW, as Legal Guardian of RYAN T. PRETNER, and RYAN PRETNER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY SURETY COMPANY, a foreign corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:12-cv-00978-APG-PAL<br>Matter Assigned to Hon. Andrew P. Gordon<br>(Magistrate Judge Hon. Peggy A. Leen)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

The parties to this action believe that certain information that is or may be sought or disclosed in discovery, or that has been ordered produced in this action, is protected from public disclosure. This confidential material includes, but is not limited to: reinsurance

1

agreements, contracts and/or treaties, claims guidelines and manuals, personnel records, and information or documents which, if disclosed, may have the effect of causing harm to third parties or to defendant's competitive position.  In addition, the confidential material includes documents containing information protected from disclosure by federal and state constitutional, statutory and common law, including, but not limited to, rights of privacy of third parties and/or the parties to this Stipulated Protective Order.

The parties to this action desire to establish a mechanism to prevent the improper disclosure of such information whether produced by the parties or by other persons;

**FOR THESE REASONS, THE PARTIES TO THIS ACTION, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, STIPULATE AS FOLLOWS**:

1. **DEFINITIONS**:  For purposes of this Stipulation and Order, the following definitions shall apply:

(a) "DOCUMENT" means any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, including without limitation, any records, exhibits, reports, samples, transcripts, video or audio recordings, affidavits or declarations, briefs and motion papers, summaries, notes, abstracts, drawings, company records and reports, written discovery responses, or databases, whether tangible or stored as computer records;

(b) "DESIGNATING PARTY" means a party that seeks to designate a particular DOCUMENT in accordance with the designation set forth in paragraph 3 below.

(c) "REQUESTING PARTY" means a party that seeks production of a particular DOCUMENT;

(d) "CONFIDENTIAL DOCUMENT" means any Document which any party has designated confidential and is therefore governed by the terms of this Stipulation and Order, and includes the information contained in those documents.

2. **SCOPE**:  The procedures outlined in this Stipulation And Order shall apply to any documents and information produced during discovery, disclosed pursuant to the Federal Rules of Civil Procedure, or offered in any court filings or at court hearings, including without limitation, written discovery responses, documents and tangible things produced, expert

reports, or transcripts of any testimony adduced at deposition or at court hearings.  This Stipulation and Order is designed to relate to pre-trial activity only; the parties reserve their rights to seek to exclude from trial any CONFIDENTIAL DOCUMENTS.  The parties further reserve their rights to request continued protection of any CONFIDENTIAL DOCUMENTS introduced at trial.

3. **DESIGNATING MATERIALS AS CONFIDENTIAL**: Designations will be made by affixing an appropriate legend to each and every page of the designated DOCUMENT.  The legend shall include the words "*CONFIDENTIAL INFORMATION PRODUCED SUBJECT TO PROTECTIVE ORDER (ANDREW v. CENTURY SURETY – USDC NEVADA)*"   In the case of information disclosed in a non-paper medium (e.g. video tape, computer disks, etc), an appropriate legend shall be affixed to the outside of the medium or its container so as to clearly give notice of its designation. This designation is deemed to apply both to the non-paper medium itself and to its content.  Any party may affix the appropriate legend to any DOCUMENT which it, he, or she believes to contain information subject to protection under any state or federal law.

4. **CONFIDENTIAL DOCUMENTS LODGED WITH THE COURT**:

(a) If any Party seeks to file with the Court a CONFIDENTIAL DOCUMENT, that Party must file the CONFIDENTIAL DOCUMENT under seal in accordance with Local Rule 10-5.

(b) A fully executed copy of this Stipulation and Order will be submitted with any CONFIDENTIAL DOCUMENTS requested to be filed under seal pursuant to this paragraph.

(c) Should any party, during trial or any hearing before the Court, determine the need to disclose CONFIDENTIAL INFORMATION, it may do so as ordered by the Court or by agreement of the parties or their attorneys.

5. **NO BAR TO ADDITIONAL DETERMINATIONS BY COURT**:

This Stipulation and Order shall not preclude any party from questioning whether a particular DOCUMENT, or the information in that document, is confidential or whether its use should be restricted to disclosure to persons or entities designated in paragraph 8 below.  This

LA/2228522v1

3

Stipulation and Order shall also be without prejudice to the right of any party to present a motion pursuant to Rule 26(b) of the Federal Rules of Civil Procedure seeking a further and separate protective order as to any particular document or information, including restrictions different from those specified in this Stipulation. This Stipulation and Order shall not preclude any party from seeking to modify this Stipulation and Order.

6. **BURDEN OF PROOF ON MOTION**: On any motion challenging the designation of any particular DOCUMENT or its content as confidential, the DESIGNATING PARTY shall bear the burden of establishing good cause for the protection sought.

7. **CONFIDENTIAL DEPOSITION TESTIMONY**: Testimony given at any deposition relating to CONFIDENTIAL DOCUMENTS or the confidential information in those CONFIDENTIAL DOCUMENTS may be designated as confidential by making a statement to that effect on the record at the deposition, hearing and trial. The DESIGNATING PARTY shall immediately arrange to have the court reporter separately bind such portions of the transcript relating containing information designated as CONFIDENTIAL and to label such portions appropriately.

8. **DISCLOSURE:**

(a) CONFIDENTIAL DOCUMENTS shall not be disclosed to anyone not directly involved in this litigation. Disclosure shall be made only in accordance with this Stipulation and Order and only to such persons as is necessary for the prosecution, defense or settlement of this litigation.

(b) Any CONFIDENTIAL DOCUMENT, and the content of any CONFIDENTIAL DOCUMENT, may only be disclosed to the following persons:

- parties to this action, including their present and former officers, directors or employees who have been designated to aid in the prosecution, defense or settlement of this action;

- counsel for the parties to the action, including in-house or outside counsel, together with their paralegal assistants, clerical and secretarial staffs;

- the Court, including Court personnel and jurors;

LA/2228522v1

4

- court reporter(s) employed in this action; and

- experts or consultants, including their clerical staff, retained by the parties and/or their counsel for assistance in the prosecution, defense or settlement of the litigation.

(c) With the sole exception of the Court, CONFIDENTIAL DOCUMENTS may only be disclosed to those persons identified above, and only AFTER those persons have been informed of this Stipulation, have agreed to be bound by this Stipulation, and have executed a nondisclosure agreement in the form of Attachment A.

9. **NO ADMISSION OF CONFIDENTIALITY**: Nothing in this Stipulation and Order shall be construed as an agreement or admission by any party that any designated material is in fact confidential, contains trade secrets, or is relevant, admissible or material, nor shall anything in this Stipulation and Order alter any existing obligation of any party.

10. **TERMINATION OF LITIGATION**: This Stipulation and Order shall survive the termination of this action (by settlement or by judgment which is final and no longer subject to appeal or review), to the extent that the information contained in any CONFIDENTIAL DOCUMENTS shall remain private and shall not be made known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Within 30 days after the conclusion of this litigation, all materials designated CONFIDENTIAL under this Stipulation and Order, and any and all copies of those materials, shall be returned to the counsel for the DESIGNATING PARTY, or, with prior approval of the DESIGNATING PARTY, shall be destroyed, with written confirmation of such destruction.

11. **PRIVILEGED INFORMATION**: Nothing in this Stipulation and Order shall require production of a DOCUMENT which a party contends is protected from disclosure by the attorney-client privilege or work product immunity. If a DOCUMENT subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for that DOCUMENT. If a party has

inadvertently produced to the other party a DOCUMENT which it believes to be subject to a claim of immunity or privilege, the other party, upon request, shall promptly return all copies of that DOCUMENT and shall destroy any newly created DOCUMENT containing a summary of or comment regarding the inadvertently produced DOCUMENT.

12. **ENFORCEMENT**: If any party deems that another party has violated this Stipulation and Order, it, he or she may bring a Motion under the Federal Rules of Civil Procedure, Rule 37, seeking to enforce the terms of this Order.  The Court shall impose sanction against any party who violates this Stipulation and Order, in accordance with FRCP 37(b)(2)(A)(i)-(vi) and 37(b)(2)(C).

13. **SUBSEQUENT PARTIES TO THE CASE**: Any party that is not an original signatory to this Stipulation and Order may at any time enter into this Stipulation and Order. The terms and conditions set forth in this Stipulation and Order will have the same force and effect to subsequent parties as it does to the original parties.

14. **RESERVATION OF OBJECTIONS**: All parties to this Stipulation and Order specifically reserve, without limitation, any and all discovery objections made to any discovery request served in this action and agree that this Stipulation and Order does not constitute a waiver of any rights or objections whatsoever that the parties have asserted or may assert throughout the continuation of this action.  Nothing in this Stipulation and Order shall be construed to prohibit any party from asserting that the Stipulation and Order does not adequately protect the rights and interest of a party or any third parties in documents or information that have been sought in discovery and objected to in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15. **WITHDRAWAL OF DESIGNATION**: Within twenty (20) calendar days of either the DESIGNATING PARTY'S withdrawal of a DOCUMENT's CONFIDENTIAL designation, or notice of entry by the Court of an order nullifying the CONFIDENTIAL designation , the DESIGNATING PARTY shall produce a clean (i.e., undesignated) copy of that DOCUMENT.

**IT IS SO STIPULATED:**

DATED:  May  3, 2013           SEDGWICK LLP

By:  /s/Maria Louise Cousineau
    Maria Louise Cousineau
    (Nevada Bar No. 002876)
    Joshua S. Davis
    (*Pro Hac Vice*)
    801 S. Figueroa Street, 19th Floor
    Los Angeles, CA  90017-5556
    Attorneys for Defendant
  CENTURY SURETY COMPANY

DATED:  May  3, 2013           **PRINCE & KEATING**

By:  /s/Dennis M. Prince
    Dennis M. Prince
    (Nevada Bar No. 5092)
    3230 South Buffalo Drive
    Suite 108
    Las Vegas, Nevada  89117

**IT IS SO ORDERED.**

DATED this **"'35vj '"''f c{ 'qh** _____ Oc{'"""""""""""""""'. 2013.

                                         Hon. Peggy A. Leen
                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**Viewing Record and Agreement**

The undersigned acknowledges:

1. I have received a copy of the Stipulated Protective Order for Production of Documents entered into in the matters of *Dana Andrew et. al vs. Century Surety Company, USDC Case No 2:12-cv-00978-APG-PAL.*

2. I have been provided temporary custody of and/or viewing privileges for the **CONFIDENTIAL DOCUMENTS** produced in this case, as defined in the Stipulated Protective Order.  In consideration of the viewing privileges and custody of **CONFIDENTIAL DOCUMENTS**, I agree to be bound by the terms and conditions of the Stipulation and Order.

Executed on _____, at _____, _____.
                    Date                                              City                       State

_____
Signature

_____
[Print Name/Company]