# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Andrew et al., | Case No. 2:12-cv-00978-APG-PAL |
| Plaintiffs, | |
| v. | **ORDER GRANTING CENTURY SURETY COMPANY'S REQUEST FOR JUDICIAL NOTICE** |
| Century Surety Co., | |
| Defendant. | |

On November 19, 2012, Defendant Century Surety Company ("Defendant") filed its Request for Judicial Notice in Support of its Opposition to Plaintiffs' Motion for Summary Judgment. (ECF#26).

Judicial Notice is governed by Federal Rule of Evidence 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *In re Tyrone F. Conner Corporation,* 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992). "To sustain its burden in persuading the trial judge that the adjudicative fact sought to be noticed is in fact proper for notice under FRE 201, the party must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source 'whose accuracy cannot reasonably be questioned'...." *Id.* at 781. In other words, "the fact must be one that only an unreasonable person

would insist on disputing." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 & n. 5 (9th Cir.2003); *Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir.2001); *Jones,* 29 F.3d at 1553. Nor may the court take judicial notice of any matter that is in dispute. *Lee,* 250 F.3d at 689–90; *Lozano v. Ashcroft,* 258 F.3d 1160, 1165 (10th Cir.2001); *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1054-55 (S.D. Cal. 2006).

Defendant requests that the Court take judicial notice of the following three documents:

> Exhibit "15": Notice to Set Aside Default as to Defendant Michael Vasquez only in the matter titled *Lee Pretner, et al. v. Michael A. Vasquez, et al., District Court for Clark County*, Nevada, Case No. A-11-632845-C
>
> Exhibit "16": Court Minutes dated April 11, 2012 in the matter titled *Lee Pretner, et al. v. Michael A. Vasquez, et al., District Court for Clark County, Nevada*, Case No. A-11-632845-C.
>
> Exhibit "17": Century Surety Company's Motion for Leave to Intervene to Request the Court Set Aside Void Default Judgment, in the matter titled *Lee Pretner, et al. v. Michael A. Vasquez, et al., District Court for Clark County, Nevada*, Case No.A-11-632845-C.

(ECF#26 at 2).

Plaintiffs have filed no opposition to Defendant's Request for Judicial Notice. Accordingly, the Court will take notice of those documents, *but only to the extent that they demonstrate that the reports or judicial proceedings they represent occurred, and for no other purpose*. The Court does not take notice of the contents of those documents.

///

///

///

///

2

For good cause showing, Defendant's Request for Judicial Notice in Support of its Opposition to Plaintiffs' Motion for Summary Judgment, ECF#26, is **GRANTED**.

DATED this 27th day of September, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE