UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANA ANDREW, as Legal Guardian of RYAN T. PRETNER, and RYAN PRETNER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY SURETY COMPANY, a foreign corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-00978-APG-PAL<br><br>**Order Denying Defendant's Motion to Strike, Denying Defendant's Motion for Reimbursement of Fees and Costs, and Denying Plaintiffs' Motion to File Response** |

Presently before the Court are Defendant's Motion to Strike Amended Complaint (Dkt. #145), Defendant's Motion for Reimbursement of Fees and Costs (Dkt. #158), and Plaintiffs' Motion to File Response (Dkt. #163).

**1.    Defendant's Motion to Strike Amended Complaint**

On November 27, 2012, Plaintiffs filed a Motion to Amend Complaint (Dkt. #27) to which Plaintiffs had attached a Proposed Amended Complaint. Essentially, Plaintiffs moved to add Meadowbrook Insurance Group and/or Meadowbrook Claims Services as defendants. (*Id.* at 4.) On October 10, 2013, the Court entered an Order granting the Motion expressly stating that "Plaintiffs may file the Amended Complaint consistent with the requirements under LR 15-1(b)." (Dkt. #125 at 3.) On January 7, 2014, Plaintiffs filed a First Amended Complaint that included factual allegations and a cause of action that they had not included in the Proposed Amended Complaint. (*Compare* Dkt. #27 at 30 (listing only three claims for relief) *with* Dkt. #135 at 9 (including a "fifth"[1] claim for relief for respondeat superior).) Defendant thus moved to strike portions of the First Amended Complaint. (Dkt. #145.) The parties negotiated over the

---

[1] The First Amended Complaint does not include a "fourth" claim for relief. It simply goes from the "third" claim to the newly added "fifth" claim.

1

withdrawal of the First Amended Complaint in exchange for withdrawal of the motion to strike, but could reach no accord. Subsequently, Plaintiffs voluntarily withdrew their First Amended Complaint. (Dkt. #161.) That rendered the motion to strike moot, except for the portion in which Defendant requests sanctions against Plaintiffs. (Dkt. #145 at 7:22-8:11.) Although not proper, Plaintiffs' actions were not as egregious as Defendant makes them out to be. Defendant's request for sanctions is denied and the motion to strike is denied.

### 2. Defendant's Motion for Reimbursement of Fees and Costs

The Court set a status conference for January 29, 2014. (Dkt. #142.) On January 28, Plaintiffs' counsel alerted the Court that he would not be able to attend the status hearing because he was involved in a state court trial that was running longer than expected. (Dkt. #158-1.) Defendant's counsel was already en route to Las Vegas for the status conference, and could not avoid incurring travel expenses and time. Defendant asserts that Plaintiffs' counsel should have provided a courtesy call to Defendant's counsel informing her of the conflict before she boarded a plane to Las Vegas. (Dkt. #158 at 2.) Because this did not happen, Defendants seek reimbursement of the time and travel expenses.

The Court recognizes that issues can arise at the last minute. Plaintiffs' counsel could and should have alerted Defendant's counsel of the scheduling conference sooner, as it appears that he knew of the problem at least the day before. Should similar circumstances present themselves in the future, the Court would be inclined to grant reimbursement. Nevertheless, for this instance, the motion for reimbursement of fees and costs is denied.

### 3. Plaintiff's Motion to File a Response

On February 20, 2014, Plaintiff filed a motion seeking permission to file a response to Defendant's Supplemental Brief. (Dkt. #163.) Essentially, Plaintiffs seek to counter arguments raised by Defendants following the February 4, 2014 hearing on the parties' cross-motions for reconsideration. The motion is granted. The Court considered Plaintiffs' arguments in issuing its recent Order on the cross-motions (Dkt. #168).

2

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Amended Complaint (Dkt. #145) is **DENIED**, Defendant's Motion for Reimbursement of Fees and Costs (Dkt. #158) is **DENIED**, and Plaintiffs' Motion to File Response (Dkt. #163) is **GRANTED**.

DATED this 1st day of May, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE