# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANA ANDREW, as legal guardian on behalf of Ryan T. Pretner, and RYAN T. PRETNER,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY SURETY COMPANY,<br><br>Defendant. | Case No. 2:12-cv-00978-APG-PAL<br><br>**ORDER CERTIFIYING QUESTION TO THE SUPREME COURT OF NEVADA** |

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, this Court seeks guidance from and respectfully certifies to the Supreme Court of Nevada the following question of law that may be determinative of matters before this Court and as to which there is no clearly controlling precedent in the decisions of the Supreme Court or Court of Appeals of Nevada:

> Whether, under Nevada law, the liability of an insurer that has breached its duty to defend, but has not acted in bad faith, is capped at the policy limit plus any costs incurred by the insured in mounting a defense, or is the insurer liable for all losses consequential to the insurer's breach?

## I. BACKGROUND

Plaintiff Ryan Pretner suffered catastrophic brain injuries after he was struck from behind by the side-view mirror of a truck while he was riding his bicycle on the shoulder of a road. The truck was driven by Michael Vasquez. Vasquez worked for Blue Streak, a mobile auto detailing business. Vasquez was personally insured by non-party Progressive Insurance. Blue Streak was insured by Century. Prior to any lawsuit being filed, Century declined to defend Blue Streak on the ground that Vasquez was not working in the course and scope of his employment for Blue Streak at the time of the accident. Century based its decision on Vasquez's statements to the police and to Century's employee that he was not working at the time of the accident.

////

Pretner sued Vasquez and Blue Streak in state court. The complaint alleged that Vasquez was driving in the course and scope of employment for Blue Streak at the time of the accident. Pretner's attorney forwarded the lawsuit to Century, but Century again declined to defend Blue Streak. Vasquez and Blue Streak then defaulted in the state court action. Pretner's attorney forwarded the entry of default to Century. Century responded that the claim was not covered. Pretner, Vasquez, and Blue Streak then entered into a settlement agreement. Vasquez and Blue Streak agreed to allow Pretner to pursue a default judgment against them, and Blue Streak assigned to Pretner all of its claims against Century. In exchange, Pretner agreed to not execute against Vasquez and Blue Streak. Additionally, Progressive agreed to tender the $100,000 limits of its policy covering Vasquez.

Pretner moved for a default judgment in the state court action. After a hearing, the state court entered a default judgment against Vasquez and Blue Streak. The default judgment set forth factual findings that were deemed admitted by the default. Those findings include that Vasquez negligently injured Pretner, that Vasquez was working in the course and scope of his employment with Blue Streak at the time, and that consequently Blue Streak was also liable. The default judgment entered against both Vasquez and Blue Streak was for over $18 million. Pretner, as assignee of Blue Streak, then filed this lawsuit against Century for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims practices.

I previously ruled that Century breached its contractual duty to defend Blue Streak as a matter of law because the underlying complaint alleged facts that potentially fell within the policy's coverage, thereby triggering the duty to defend. ECF No. 168. As to the parties' dispute about whether Century was bound by the default judgment against its insured, I reviewed a line of decisions issued by the Supreme Court of Nevada that hold an insurer is bound by a judgment if it has notice of a lawsuit that implicates coverage but does not intervene. I predicted the Supreme Court of Nevada would not extend this line of cases beyond the uninsured motorist context. I therefore concluded Century was not bound by the default judgment. Finally, I set forth the measure of damages for breaching the duty to defend as the reasonable costs of defense in the

1  underlying action plus the damages reasonably foreseeable at the time of the contract, capped at
2  the policy limit of $1 million. I concluded the recoverable damages were capped at the policy
3  limit because Century did not act in bad faith.

4  The parties agreed that the issue of damages could be resolved without a jury trial.
5  Accordingly, they filed motions for summary judgment on the damages arising from Century's
6  breach of its duty to defend.

7  An insured is entitled to recover its costs of defense when an insurer breaches its duty to
8  defend, but it is undisputed that Blue Streak did not incur any defense costs because it defaulted
9  in the underlying personal injury lawsuit. The only other evidence of damages is the default
10 judgment entered against Blue Streak after Century refused to defend it. The parties thus
11 disputed whether this judgment constituted recoverable damages caused by Century's breach of
12 the duty to defend. They also disputed what preclusive effect the underlying default judgment
13 should have.

14 In ruling on the cross motions for summary judgment, I reconsidered my prior ruling that
15 recovery was capped at the policy limit. ECF No. 210. I predicted that the Supreme Court of
16 Nevada would allow Blue Streak to recover consequential damages for Century's breach of the
17 duty to defend, and that a default judgment is a reasonably foreseeable result of a breach of the
18 duty to defend. I also predicted that the Supreme Court of Nevada would rule that in the context
19 of a breach of the duty to defend, bad faith is not required to impose liability on the insurer in
20 excess of the policy limits.

21 Century moved for reconsideration of my ruling. ECF No. 218. Shortly thereafter, the
22 United States Court of Appeals for the Ninth Circuit certified to the Supreme Court of Nevada the
23 following question of law:

> Whether, under Nevada law, the liability of an insurer that has breached its duty to
> defend, but has not acted in bad faith, is capped at the policy limit plus any costs
> incurred by the insured in mounting a defense, or is the insurer liable for all losses
> consequential to the insurer's breach?

*Nalder v. United Automobile Ins. Co.*, Ninth Cir. Case No. 13-17441. Given the similarities between the question certified in *Nalder* and the issues present in this case, I stayed this case in anticipation of the Supreme Court of Nevada deciding the question certified in *Nalder*. ECF No. 227.

Recent developments in the *Nalder* case have made it unclear whether the Supreme Court of Nevada will answer the question certified to it by the Ninth Circuit. The parties in this case have agreed that I shoulder certify the same question. ECF No. 251. I agree and therefore certify the same question of law to the Supreme Court of Nevada that was certified in *Nalder*.

## II. PARTIES' NAMES AND DESIGNATION OF APPELLANT AND APPELLEE

Plaintiffs: Dana Andrew, as legal guardian on behalf of Ryan T. Pretner, and Ryan T. Pretner.

Defendant: Century Surety Company.

Because my last ruling was in favor of the plaintiffs, defendant Century Surety Company shall be the appellant.

## III. NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES

Counsel for the plaintiffs:

Dennis Prince, Tracy Eglet, and Robert Eglet
Eglet Prince
400 S. 7th Street, Suite 400
Las Vegas, NV 89101

Eric Tran
Lipson Neilson Cole Seltzer & Garin
9900 Covington Cross Dr., Suite 120
Las Vegas, NV 89144

Counsel for the defendant:

James R. Gass and Michael Brennan
Gass Weber Mullins LLC
309 North Water Street, 7th Floor
Milwaukee, WI 53202

Maria Louise Cousineau
Cozen O'Connor
601 South Figueroa Street, Suite 3700
Los Angeles, CA 90017

Martin J. Kravitz
8985 S. Eastern Ave, Suite 200
Las Vegas, NV, 89123

**IV. ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO A DETERMINATION OF THE QUESTIONS CERTIFIED**

The Court defers to the Supreme Court of Nevada to decide whether it requires any other information to answer the certified question. The Court does not intend its framing of the question to limit the Supreme Court of Nevada's consideration of the issue.

**V. CONCLUSION**

Having complied with the provisions of Nevada Rule of Appellate Procedure 5(c), the Court hereby directs the clerk of court to forward this Order under official seal, along with ECF Nos. 168 and 210, to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701-4702.

DATED this 14th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE