# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANA ANDREW, as Legal Guardian of RYAN T. PRETNER, and RYAN T. PRETNER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY SURETY COMPANY, et al.,<br><br>Defendants. | Case No. 2:12-cv-978-APG-BNW<br><br>**ORDER** |

Presently before the court is Plaintiff's Counsel's Motion to Withdraw as Attorney (ECF No. 293), Defendant's response (ECF No. 296), and Plaintiff's reply (ECF No. 298), filed on July 29, 2019, August 12, 2019, and August 19, 2019, respectively. Plaintiff also filed an Errata to its Motion to Withdraw as Attorney (ECF No. 295) on July 31, 2019. Plaintiff's counsel's motion is granted for the reasons discussed below.

## BACKGROUND

Plaintiff is currently represented by the law firm formerly known as Eglet Prince (now doing business as Eglet Adams). (ECF No. 293 at 2.) Plaintiff seeks to have this law firm withdraw as Plaintiff's counsel. (*Id.*; ECF No. 295-1.) Plaintiff further seeks to have Mr. Prince, who previously represented Plaintiff while at Eglet Prince, remain on as a lead counsel at his new firm, Prince Law Group. (ECF No. 293 at 2; ECF No. 295-1.)

Defendant does not oppose the law firm Eglet Prince (now doing business as Eglet Adams) withdrawing as Plaintiff's counsel. (ECF No. 296 at 2.) However, Defendant does oppose Mr. Prince remaining on as lead counsel. (*Id.*) Defendant argues that Mr. Prince will be a necessary witness at trial, and therefore, under Nevada Rule of Professional Conduct 3.7(a)

(Lawyer as Witness), Mr. Prince cannot (1) take or defend further depositions or (2) appear as trial counsel. (*Id.*) Defendant requests that Eglet Adams only be allowed to withdraw on the condition that Mr. Prince identify counsel for Plaintiff other than himself within 30 days of Eglet Adams' withdrawal. (*Id.*)

**DISCUSSION**

Attorney withdrawals are governed by Local Rule IA 11-6. This rule provides that an attorney may not withdraw except by leave of court after notice has been served on the affected client and opposing counsel. LR IA 11-6 also provides that withdrawal will not be allowed, except for good cause shown, if it would result in a delay of discovery, trial, or a hearing.

Eglet Adams satisfied the requirements of LR IA 11-6. It gave notice to the affected client. (*See* ECF No. 295-1 (affidavit explaining that the client requested that her case be transferred to Mr. Prince at his new law firm).) Eglet Adams also gave notice to opposing counsel by virtue of filing its motion to withdraw and serving it on opposing counsel. (*See* ECF No. 293.) Finally, neither party argues that Eglet Adams' withdrawal would cause delay, and it does not appear to the court that it would. Discovery is closed, and no trial date is set. Accordingly, under LR IA 11-6, Eglet Adams met its burden to withdraw as counsel.

The question remains, however, whether Mr. Prince should be ordered to identify different counsel for further depositions and trial given Defendant's argument that Mr. Prince will be a necessary witness at trial.

Rule 3.7(a) of the Nevada Rules of Professional Conduct provides, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client."

Rule 3.7(a) applies specifically to attorneys acting as counsel at trial and is intended to prevent jurors from being confused by an attorney acting in some respects as a witness and in other respects as an advocate. *Ahern Rentals, Inc. v. Lexington Ins. Co.*, 2011 WL 13302279, at *2 (D. Nev. Mar. 3, 2011); *Pasina v. California Cas. Indem. Exch.*, 2010 WL 11579016, at *3 (D.

Nev. Feb. 12, 2010). Accordingly, pretrial disqualification is generally not necessary. *Ahern Rentals*, 2011 WL 13302279, at *2; *Pasina*, 2010 WL 11579016, at *3 ("absent demonstrated compelling circumstances[,] pretrial disqualification is generally not necessary"). However, a lawyer may be required to limit his role prior to trial if such "pretrial participation will create confusion and prejudice to a jury." *Ahern Rentals*, 2011 WL 13302279, at *2. Factors to consider when determining whether pretrial disqualification is necessary include whether the case is likely to go to trial, whether the evidence is available from a source other than the lawyer, whether the client prefers to have the attorney as an advocate rather than a witness, whether either party is likely to be prejudiced by allowing the lawyer to participate in depositions, and whether there is any indication that the lawyer's pretrial activity might reveal her dual role at trial. *Id.* at *3.

The court also notes that disqualification motions are to be "subjected to 'particularly strict judicial scrutiny'" because of the potential for abuse. *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985).

Here, Defendant's request that Mr. Prince identify counsel other than himself for further depositions and trial is premature. As Plaintiff notes, discovery closed (meaning there are no pending depositions) and no trial date is set. (ECF No. 298 at 4; ECF No. 296 at 13.) Additionally, a mediation is scheduled for October 2, 2019, meaning this case may settle and never go to trial. (ECF No. 290 at 1.) Accordingly, the court cannot engage in a meaningful analysis of the factors listed above. Should the parties not settle the case during mediation, the Defendant may renew its request through a proper motion and provide a detailed analysis of the factors listed above.

IT IS THEREFORE ORDERED that Counsel's Motion to Withdraw as Attorney (ECF No. 293) is GRANTED.

IT IS FURTHER ORDERED that Defendant's request that Mr. Prince identify counsel other than himself to represent Plaintiff is DENIED without prejudice.

DATED: September 4, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE